UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOUGLAS BLACKSHEAR, JR.,

                              Petitioner,

    -v.-                                                  9:03-CV-0450
                                                                       (LEK)(GJD)

EDWARD E. DONNELLY, Superintendent,

                              Respondent.

---

APPEARANCES:                                   OF COUNSEL:

DOUGLAS BLACKSHEAR, JR.
Petitioner, *pro se*

ELIOT SPITZER                                  SENTA B. SIUDA, Esq.
New York State Attorney General           Ass't Attorney General
Attorney for Respondent

GUSTAVE J. DI BIANCO, United States Magistrate Judge

**ORDER**

      Petitioner Douglas Blackshear, Jr. filed a Petition for a Writ of Habeas Corpus with the Court on April 11, 2003 challenging a judgment of conviction in Onondaga County Court on November 30, 1998 wherein a judge found Petitioner guilty of five counts of Burglary, Second Degree and five counts of Petit Larceny. Dkt. No. 1. Presently before the Court is Petitioner's motion to obtain an evidentiary hearing in this matter and for appointment of counsel to assist Petitioner with the evidentiary hearing. Dkt. No. 33. Respondent opposes the request for an evidentiary hearing, but takes no position on Petitioner's request for appointment of counsel. Dkt. No. 35. Petitioner has replied to Respondent's response in opposition to the request for an evidentiary hearing. Dkt. No. 36.

**I.      Request for evidentiary hearing**

28 U.S.C. § 2254(e)(1) states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Petitioner appears to seek an evidentiary hearing on each of his six grounds set forth in his Petition. *See* Dkt. No. 33, Affidavit at 2. Petitioner asserts that the evidentiary hearing is necessary because "there are factual matters that need to be resolved based on the state court's unreasonable determination given evidence presented at trial." *Id*. To the extent that Petitioner is claiming that he presented the factual basis of his claims in state court, but the state trial court improperly or incorrectly determined factual issues, Petitioner is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct"). While § 2254(e)(1) affords Petitioner the ability to rebut the presumption of correctness through the production of clear and convincing evidence, Petitioner has not made such a showing in this motion.

Assuming, *arguendo*, that Petitioner did **not** fully develop the factual basis of his claims in state court, the question then presented is whether the failure to develop the record was Petitioner's fault, or not. If the lack of a factual record is Petitioner's fault, then § 2254(e)(2) would apply; if not Petitioner's fault, then the Court would evaluate Petitioner's request for an evidentiary hearing

using pre-AEDPA[1] standards.  *See Ruine v. Walsh*, No. 00 Civ. 3798, 2005 WL 1668855, at * 3 (S.D.N.Y. Jul. 14, 2005).  Since under either analysis Petitioner has not demonstrated entitlement to an evidentiary hearing, the Court need not determine at this time whether Petitioner was at fault or not.

28 U.S. C. § 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>   (A) the claim relies on--
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).[2]

In this case, Petitioner does not assert that he relies upon either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "a factual predicate that could not have been previously discovered through the exercise of due diligence."  Thus, to the extent that through Petitioner's own fault, the factual basis of his claims were not developed in state court, Petitioner is not entitled to an evidentiary hearing on the basis of §2254(e)(2).

---

[1] Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2] In *Michael Williams v. Taylor*, 529 U.S. 420, 423 (2000), the Supreme Court held that "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."

> Even if a petitioner meets the requirements of 28 U.S.C. § 2254 (e)(2), whether the petitioner ought to be afforded an evidentiary hearing remains an issue committed to the district court's sound discretion... In other words, a petitioner whose claim is not precluded by 28 U.S.C. § 2254(e)(2) is not presumptively entitled to an evidentiary hearing.

*Ruine*, 2005 WL 1668855, at * 3(internal citations omitted).

Finally, if the lack of a full record was not Petitioner's fault, his request for an evidentiary hearing would be evaluated under pre-AEDPA standards. *See Ruine*, 2005 WL 1668855, at *3. Prior to the enactment of the AEDPA, whether to hold an evidentiary hearing was within the discretion of the Court. *Pagan v. Keane*, 984 F.2d 61, 63 (2d Cir. 1993). Nothing in Petitioner's application would entitle Petitioner to an evidentiary hearing. While Petitioner claims that the State court unreasonably determined factual matters, nothing in Petitioner's present application supports this claim.

Petitioner's request for an evidentiary hearing is **denied** at this time. Upon further review of the habeas petition, if the Court determines at a later time that a hearing is warranted in this matter, the parties will be so advised.

## II.   Appointment of counsel

Petitioner has also requested appointment of counsel "to help litigate [the evidentiary] hearing." Dkt. No. 33, Notice of Motion at 1. Since Petitioner's request for an evidentiary hearing is denied, Petitioner's request for appointment of counsel appointment of counsel to assist with the evidentiary hearing is **denied as moot**.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Motion for an evidentiary hearing (Dkt. No. 33) is **DENIED**,

and it is further

**ORDERED**, Petitioner's motion for appointment of counsel (Dkt. No. 33) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: April 26, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge