UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DOUGLAS BLACKSHEAR, JR.,

                                      Petitioner,

  v.                                                                    9:03-CV-0450
                                                                             (LEK/VEB)

EDWARD E. DONNELLY, Superintendent,

                                      Respondent.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| DOUGLAS BLACKSHEAR, JR.<br>98-B-2338<br>Clinton Correctional Facility<br>P.O. Box 2001<br>Dannemora, New York 12929<br>Petitioner, *pro se* | |
| HON. ANDREW M. CUOMO<br>New York State Attorney General<br>615 Erie Boulevard<br>Suite 102<br>Syracuse, New York 13204<br>Attorney for Respondent | SENTA B. SIUDA, Esq.<br>Assistant Attorney General |

LAWRENCE E. KAHN, U.S. District Judge

## DECISION AND ORDER

      Petitioner Douglas Blackshear, Jr. filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The Petition was recommended denied and dismissed by the Report and Recommendation of Magistrate Judge Victor E. Bianchini filed on November 23, 2007. Dkt. No. 45. That Report and Recommendation was approved and adopted in its entirety, and the petition dismissed, by Order of this Court filed on January 14, 2008. Dkt. No. 49. Judgment was entered in favor of Respondent on January 14, 2008. Dkt. No. 50. Petitioner filed a Notice of

Appeal.  Dkt. No. 51.

      28 U.S.C. § 2253(c)(1) provides in relevant part that:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.[1]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).

      While Petitioner has not filed a request for a Certificate of Appealability in this proceeding, the Second Circuit has held that a notice of appeal may be construed as a motion for a Certificate of Appealability ("COA").  See Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (citing Hooper v. United States, 112 F.3d 83, 88 (2d Cir. 1997)); see also Forbes v. United States, No. 98 Civ. 1878 (JAR), 1999 WL 1133362 (S.D.N.Y. Dec. 10, 1999) (court properly construed notice of appeal as COA and ruled on same).  Accordingly, Petitioner's notice of appeal should be construed as a motion for a certificate of appealability.

      After reviewing the relevant portions of the file, and for the reasons set forth in Magistrate Judge Bianchini's Report-Recommendation and this Court's January 14, 2008 Order, the Court finds that petitioner has failed to make the required showing.  Therefore, the Court denies Petitioner's Motion for a Certificate of Appealability.

      **WHEREFORE**, it is hereby

---

[1] Likewise, Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part, that "[i]n a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  FED. R. APP. P. 22(b)(1).

**ORDERED**, that Petitioner's Motion for a Certificate of Appealability (Dkt. No. 51) is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   January 30, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge